**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2826 CLEVELAND AVENUE OPERATIONS, LLC,
D/B/A HERITAGE PARK REHABILITATION
AND HEALTHCARE,

    Plaintiff,

v.                                                                           Case No.:

1199SEIU, UNITED HEALTHCARE WORKERS
EAST, FLORIDA REGION,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, 2826 Cleveland Avenue Operations, LLC, d/b/a Heritage Park Rehabilitation and Healthcare ("Plaintiff" or "Heritage Park"), files this Complaint for Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, and states:

**PARTIES, NATURE OF ACTION, AND JURISDICTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

3. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

4. This action concerns the issue of when a collective bargaining agreement between the Parties was formed, and jurisdiction is therefore proper under 28 U.S.C. § 1331.

1

5. This action also concerns whether an arbitrator may hear and rule on the issue of when a collective bargaining agreement was formed between the Parties, which is a substantive arbitrability issue of contract formation, and jurisdiction is also therefore proper under 28 U.S.C. § 1331.

6. The U.S. District Court for the Middle District of Florida has personal jurisdiction over the Defendant because the location where the collective bargaining agreement governs the relationship between the Parties is in the Middle District of Florida, and many of the acts complained of and giving rise to the claims alleged herein occurred in the Middle District of Florida.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant conducts substantial business in Ft. Myers, and a substantial part of the events giving rise to the claims alleged herein occurred in this district.

8. Plaintiff is a skilled nursing facility which is a Florida limited liability corporation and is an employer within the meaning of 29 U.S.C. § 152(2) of the National Labor Relations Act.

9. Defendant, 1199SEIU, United Healthcare Workers East, Florida Region ("Defendant" or "1199SEIU"), is a labor organization within the meaning of 29 U.S.C. § 152(5) of the National Labor Relations Act.

**FACTUAL ALLEGATIONS**

10. Defendant was certified as the collective bargaining representative of certain of Plaintiff's employees on May 23, 2016, by the National Labor Relations Board.

11. Plaintiff and Defendant then began negotiations over an initial collective bargaining agreement with other facilities affiliated with Plaintiff, and those negotiations culminated in the Parties reaching a tentative agreement on or about May 19, 2016, four days before the Defendant

was certified as the bargaining representative of employees of Plaintiff. (See Tentative Agreement, attached as Exhibit "A").

12. The Tentative Agreement document contains only very specific terms and conditions of employment, and does not represent the entire bargaining agreement between the Parties.

13. The Tentative Agreement specifically states that only non-economic provisions of another bargaining agreement between the Parties shall apply to Plaintiff, and that Plaintiff will "maintain the current facility policies for economic benefits which are not addressed by this Tentative Agreement."

14. The Defendant's grievance is based on the contractual argument that any new employee can only be hired at a rate at least $.20 per hour less than the wage rate of any existing employee with comparable experience and education, and that there were new employees hired after the ratification date of the Parties' bargaining agreement who were paid in excess of this contractual amount.

15. The "pay equity" issue at the center of Defendant's grievance is an economic benefit that was not covered by the Tentative Agreement and, pursuant to the Tentative Agreement language, the current policies of the Plaintiff would control.

16. The Defendant voted on the Tentative Agreement and ratified that Tentative Agreement on or about May 28, 2016.

17. The Parties continued to discuss changes to the final collective bargaining agreement after ratification of the Tentative Agreement.

18. On or about September 9, 2016, Defendant sent an email to representative for Plaintiff noting that a draft bargaining agreement previously provided by Plaintiff omitted a "Side Letter," referred to as a "LETTERS OF UNDERSTANDING," that was applicable to previous agreements

between affiliates of Plaintiff and Defendant. (See email from Ewart to Walker, dated September 9, 2016, attached as Exhibit "B"; see Side Letter, attached as Exhibit "C").

19. Plaintiff made it clear to Defendant in an email dated September 12, 2016, that there was no meeting of the minds with respect to the existence of a bargaining agreement between Plaintiff and Defendant.

20. The Plaintiff signed the final collective bargaining agreement on October 27, 2016. (See CBA Signature Page, attached as Exhibit "D").

21. The Defendant signed the final collective bargaining agreement on November 14, 2016.

22. Even after signing of the final collective bargaining agreement document, which did not include the Side Letter Agreement, the Defendant insisted that a Side Letter Agreement that was agreed to between the Defendant and other skilled nursing facilities affiliated with Plaintiff was part of the Parties' new collective bargaining agreement.

23. The Defendant did not agree that the Side Letter was not part of the collective bargaining agreement between the Parties until on or about January 12, 2017. (See email from Gornail to McWilliams, dated January 12, 2017, attached as Exhibit "E").

24. There was, therefore, no meeting of the minds between the Parties sufficient to form a collective bargaining agreement until on or about January 12, 2017.

25. The Plaintiff and Defendant disagree on the interpretation of when the Collective Bargaining Agreement was formed.

26. Defendant filed a grievance under the collective bargaining agreement on or about September 1, 2020, alleging a wage equity claim, the merits of which depend on when the collective bargaining agreement between the Parties was operative and in effect. (See email grievance specifics, dated September 3, 2020, attached as Exhibit "F").

27. On or about November 20, 2020, the Parties mutually selected Stewart W. Savage as the arbitrator to hear the dispute.

28. Upon learning the nature and scope of the Defendant's argument, the Plaintiff notified both the Defendant and the Arbitrator that the issue raised by the Defendant's grievance was not substantively arbitrable, and that the arbitrator lacked the authority and jurisdiction to hear the grievance until the contract formation issue was decided by the Courts.

29. The Arbitrator refused to stay the arbitration proceeding pending resolution of the contract formation issue before the Courts. (See email from arbitrator, dated March 13, 2021, attached as Exhibit "G").

30. A hearing on the Defendant's grievance is scheduled for March 24, 2021.

## COUNT I

### The Court Should Make a Determination that the Parties Did Not Form an Agreement Prior to January 12, 2017.

31. Plaintiff incorporates paragraphs 1 through 30 of the Complaint, as though fully set forth herein.

32. No final and binding agreement between the Parties was reached until January 12, 2017, when the Defendant finally agreed that a prior Side Letter was no longer considered part of the Parties' Agreement. The Defendant disagrees with this.

33. As a result of the facts described in the foregoing paragraphs, there is a bona fide and actual controversy of sufficient immediacy between the Parties as to when they formed an agreement to arbitrate disputes that relate to the timing and enforcement of wage equity provisions contained in that agreement.

34. There is a present need for a declaration by this Court as to the issues raised in this Complaint, and the Court's determination will affect current and future claims between the Parties.

## COUNT II

### The Court Should Make a Determination that the Arbitrator Does Not Have the Jurisdiction to Hear and Render a Decision on the Substantive Arbitrability Issue of When The Contract Between the Parties was Formed.

35. Plaintiff incorporates paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

36. Formation of labor contracts is a threshold issue that must be determined by federal courts.

37. The dispute between the Parties is presently before an arbitrator who does not have jurisdiction to render decisions on substantive arbitrability related to contract formation. Instead, only this Court has the authority to issue judgment on the issue of the formation of the collective bargaining agreement between the Parties. The Parties dispute the arbitrator's authority to render decisions on substantive arbitrability related to contract formation.

38. Because of the facts described in the foregoing paragraphs, there is a bona fide and actual controversy of sufficient immediacy between the Parties as to whether an Arbitrator can hear and rule on the threshold issue of when the collective bargaining agreement was formed.

39. There is a present need for a declaration by this Court as to whether the arbitrator can resolve this issue, and the Court's determination will affect current and future claims between the Parties.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

a. A declaration that the Parties did not form a collective bargaining agreement until on or about January 12, 2017;

    b. A declaration that the arbitrator does not have the jurisdiction or authority to hear or render an order on the substantive arbitrability issue of when the collective bargaining agreement was formed; and

    c. Any further relief to which the Plaintiff may be entitled.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 22, 2021

                                                        <u>/s/ Laura C. Datz</u>
                                                        Laura C. Datz
                                                        Florida Bar No.: 91386
                                                        Laura.C.Datz@consulatehc.com
                                                        Meghan C. McDonough
                                                        Florida Bar No.: 89143
                                                        Meghan.C.Mcdonough@consulatehc.com
                                                        Office of Corporate Counsel
                                                        Consulate Health Care
                                                        5102 West Laurel Street, Suite 700
                                                        Tampa, Florida 33607
                                                        Telephone: (813) 769-6280
                                                        Facsimile: (813) 769-6281
                                                        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF, which will send an electronic notice of filing, on this 22nd day of March 2021, to the following:

Patricia Ireland
Phillips, Richard & Rine, P.A.
9360 SW 72nd Street
Suite 283
Miami, Florida 33173
pireland@phillipsrichard.com

        Respectfully submitted,

        /s/ Laura C. Datz
        Laura C. Datz
        Florida Bar No.: 91386
        Laura.C.Datz@consulatehc.com
        Meghan C. McDonough
        Florida Bar No.: 89143
        Meghan.C.Mcdonough@consulatehc.com
        Office of Corporate Counsel
        Consulate Health Care
        5102 West Laurel Street, Suite 700
        Tampa, Florida 33607
        Telephone: (813) 769-6280
        Facsimile: (813) 769-6281
        Attorneys for Plaintiff